**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

| | | |
|---|---|---|
| LESLIE BENZIES, | : | Index No. |
| | : | |
| *Plaintiff*. | : | **NOTICE OF REMOVAL** |
| | : | |
| -against- | : | Removed from: |
| | : | |
| TAKE-TWO INTERACTIVE SOFTWARE, INC., | : | Supreme Court of the State of New York, |
| ROCKSTAR GAMES, INC., ROCKSTAR | : | New York County |
| NORTH LTD., DAN HOUSER and SAM | : | |
| HOUSER, | : | Index No. 651920/2016 |
| | : | |
| *Defendant*. | : | |

-------------------------------------------------------------x

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

**PLEASE TAKE NOTICE** that Kelley Drye and Warren LLP, on behalf of its clients Take-Two Interactive Software, Inc. ("Take-Two") and its subsidiaries, Rockstar North Ltd. ("Rockstar North") and Rockstar Games, Inc. ("Rockstar Games") (collectively, "Rockstar"), and Dontzin Nagy & Fleissig LLP, on behalf of its clients Rockstar Games, Rockstar North, Sam Houser, and Dan Houser (all parties collectively "Defendants"), hereby give notice that the above-captioned action, filed with the Supreme Court of the State of New York, Country of New York, and all claims and causes of action therein (the "State Action"), is hereby removed to the United States District Court for the Southern District of New York. As grounds for removal, Defendants state as follows:

**GROUNDS FOR REMOVAL**

1.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 on the basis of diversity jurisdiction, and removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

2. Venue is proper because this Court constitutes the "district court of the United States for the district and division embracing the place where [the State Action] is pending." 28 U.S.C. § 1441(a).

## I. Procedural History and Timeliness of Removal

3. On April 11, 2016, Take-Two and Rockstar Games filed an action in the United States District Court for the Southern District of New York (the "Federal Action") seeking a declaratory judgment and asserting a breach of contract claim arising out of an actual controversy between Take-Two, Rockstar Games, and Plaintiff Leslie Benzies ("Benzies") concerning the parties' rights and obligations under a 2009 Royalty Plan (the "Royalty Plan"). Pursuant to the Notice of Electronic Filing, the Federal Action, which is styled *Take-Two Interactive Software Inc. et al v. Benzies*, 16-cv-02699, was filed at 10:22 PM EDT.

4. After the Federal Action was filed, on April 11, 2016 at 10:27 PM EDT, Benzies filed a Summons with Notice (the "Summons") in the State Action against Defendants. A complaint (the "Complaint") in the State Action was filed online at 9:24 AM EDT on April 12, 2016. The case is entitled *Leslie Benzies v. Take-Two Interactive Software, Inc., Rockstar Games, Inc., Rockstar North Ltd., Dan Houser and Sam Houser* and was assigned Case No. 651920/2016.

5. Defendants have not been served with the Complaint in the State Action. The Defendants' time to answer the Complaint has not expired, and none of the Defendants to the Action has served or filed an answer.

6. No motions or other proceedings in the State Action are pending.

7. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because the Summons was filed on April 11, 2016 and, upon information and belief, no Defendant has been served with the Summons or Complaint in the State Action.

8. No previous application has been made for the relief herein requested.

9. In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in the State Action is attached hereto as Exhibit 1, though none of these filings has been served on Defendants to date.

10. In accordance with 28 U.S.C. § 1446(d), promptly after filing Notice of Removal, Defendants will give written notice to all adverse parties and will file a copy of this Notice of Removal with the Supreme Court of the State of New York, County of New York.

**II.     Removal is Proper Under 28 U.S.C. § 1332 and 1441**

11. According to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."

12. Removal is justified for three reasons. First, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is complete diversity among the parties. Complete diversity existed when the Complaint was filed in the State Action and exists at the time of the filing of this removal petition. Second, the presence of New York defendants does not defeat diversity because they have not been "properly joined and served as defendants" in the State Action pursuant to 28 U.S.C. § 1441(b)(2). Third, the forum selection clause in the parties' Royalty Plan does not allow for litigation of the parties' dispute in multiple forums. As the Federal Action was the first filed, the forum selection clause does not permit the State Action to proceed separately in New York State court.

**A.     This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332**

13. 28 U.S.C. § 1332(a) provides that this Court has original jurisdiction over any matter where "the matter in controversy exceeds the sum or value of $75,000" and the matter is

3

between "citizens of different States and in which citizens or subjects of a foreign state are additional parties."

14. Plaintiff Benzies has alleged in his Complaint in the State Action a controversy exceeding the sum of $75,000.

15. Defendant Take-Two is a multinational publisher, developer, and distributor of video games and video game peripherals. Take-Two is a Delaware corporation with its principal place of business at 622 Broadway, New York, New York 10012.

16. Defendant Rockstar Games is a multinational video game developer and publisher and a subsidiary of Take-Two. Rockstar Games is a Delaware corporation with its principal place of business at 622 Broadway, New York, New York 10012.

17. Defendant Rockstar North is a wholly-owned subsidiary of Take-Two with its principal place of business located at 1 Greenside Row, Edinburgh, Scotland, United Kingdom.

18. Defendant Sam Houser is an individual residing in New York State with his place of business at Rockstar, located at 622 Broadway, New York, New York.

19. Defendant Dan Houser is an individual residing in New York State with his place of business at Rockstar, located at 622 Broadway, New York, New York.

20. Plaintiff Benzies is an individual residing and domiciled in the State of California.

**B.     Removal is proper because Plaintiff has not properly joined and served any of the Defendants who reside in New York**

21. Defendants may remove the State Action because none of the "parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added).

22. At this time, none of the Defendants have been served with the summons and complaint in the State Action.

4

23. Because none of the Defendants who reside in New York have been "properly joined and served," section 1441(b)(2) does not bar removal of this Action on the basis that certain of the defendants are citizens of New York.

**C. Removal is proper because the parties' forum selection clause limits litigation to proceed "only in any such court" as is presiding over the parties' dispute. The forum selection clause does not contemplate actions in multiple courts**

24. The forum selection clause in the parties' Royalty Plan barred Benzies from commencing the State Action after the filing of the Federal Action. The forum selection clause does not contemplate or permit actions in multiple courts.

24. Specifically, that clause provides, in relevant part, as follows:

This Agreement shall be construed under the laws of the State of New York, as applied to agreements between New York residents entered into and to be performed entirely within the State of New York. Each of the parties (i) consents to submit itself to the exclusive personal jurisdiction of any state or federal court sitting in New York County in the State of New York, in any action or proceeding for the adjudication of any dispute hereunder or in connection herewith or with any transaction contemplated hereby or discussed herein, (ii) agrees that all claims in respect of such action or proceeding may be heard and determined *only in any such court*, (iii) agrees that it will not attempt to deny or defeat such personal jurisdiction by motion or other request for leave from any such court, and (iv) agrees not to bring any action or proceeding for the compelling of arbitration or for the enforcement of any arbitration decision in any other court. (emphasis added)

WHEREFORE, Defendants respectfully submit that the State Action is properly removed to this Court from the Supreme Court of the State of New York, County of New York.

Dated: April 12, 2016
      New York, New York

By:    /s/ Michael C. Lynch
**KELLEY DRYE & WARREN LLP**
Michael C. Lynch
Jeffrey Jacobson
Joel Hankin
Levi Downing
101 Park Avenue
New York, NY 10178
(212) 808-7800 phone
(212) 808-7987 fax

*Attorneys for Defendants Take-Two Interactive Software, Inc., Rockstar North Ltd., and Rockstar Games, Inc.*

By:    /s/ Matthew S. Dontzin
**DONTZIN NAGY & FLEISSIG LLP**
Matthew S. Dontzin
David A. Fleissig
Anthony S. Kammer
980 Madison Avenue
New York, NY 10075
(212) 717-2900 phone
(212) 717-8088 fax

*Attorneys for Defendants Rockstar Games, Inc., Rockstar North Ltd., Sam Houser, and Dan Houser*